UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

  -against-

NKANGA NKANGA,

        Defendant,
------------------------------------------------------------x

DECLARATION OF
DANIEL PARKER

18 Cr. 713 (JMF)

      DANIEL PARKER, under penalties of perjury pursuant to 28 U.S.C. § 1746, declares as follows:

      1.      I, along with Joshua Horowitz, represent Dr. Nkanga Nkanga in the above-captioned case.

      2.      I make this declaration in support of Dr. Nkanga's application to:

            A. Be released forthwith on bail pending execution of sentence pursuant to 18 U.S.C. § 3141(b), and to be given a date to self-surrender to a Bureau of Prison ("BOP") facility, one designated, no later than June 26, 2020; or

            B. Pursuant to Federal Rule of Criminal Procedure 35(a), correct Dr. Nkanga's sentence based on clear error – namely that the Court was not aware of, and could not be aware of, at the time of sentencing – the threat of the COVID-19 virus and its life-threatening effect on Dr. Nkanga; or

      C. Pursuant to Federal Rule of Criminal Procedure 33(a) and (b)(2), vacate the Judgment in the interests of justice and grant a new trial – and release Mr. Nkanga forthwith on bail pending the new trial; or

      D. Grant such other and further relief as this Court deems just and proper.

3. Counsel for Dr. Nkanga, the defendant, has spoken with the Government who opposes these applications.

4. To date, Dr. Nkanga is awaiting designation by the BOP while in custody at MDC Brooklyn.

5. Upon information and belief, approximately one week ago, the Bureau of Prisons ("BOP") suspended movement of all incarcerated inmates within the prison system for 30 days due to mounting concerns stemming from COVID-19. The foregoing is based on communications that undersigned counsel has had with other lawyers in this jurisdiction, including members of the Federal Defenders Office.

6. In addition to the plethora of medical conditions from which the defendant suffers and about which the Court is already aware, the defendant, age 67, also suffers from asthma, relied on a portable inhaler when he lived at home, and most significantly, for the past two months leading up to sentencing, he was sick in the MDC, suffering from, *inter alia*, a respiratory condition.

7.      He is clearly in the category of people who are at the highest of risks for getting COVID-19, which is exacerbated beyond current calculation because of his exposure while incarcerated at the MDC.

8.      On October 24, 2019, the defendant was remanded to the custody of the BOP as a result of his guilty plea a few days earlier.

9.      He has been incarcerated at the MDC continuously since that date.

10.     While there, during the months prior to sentencing, he was sick, suffering from a respiratory condition that left him short of breath as well as other flu-like symptoms.

11.     His flu-like conditions existed prior to the world's awareness of COVID-19.

12.     On January 8, 2020, counsel had scheduled a meeting with the defendant at the MDC in which a forensic neurologist was going to meet with the defendant and perform neurological testing. On January 6, 2020, counsel spoke with the defendant's girlfriend who asked counsel to re-schedule the meeting because the defendant was ailing with the condition described above.

13.     Counsel readily agreed and did not return to meet with the defendant at the MDC until January 21, 2020, after again consulting with his girlfriend and learning that he was feeling better.

14.     When counsel met with Dr. Nkanga, he complained to counsel about the

3

BOP's inadequate medical responses to his illness and complaints while incarcerated. He exhibited significant frustration about the lack of care.

15. The Government advised counsel this afternoon that the BOP has no record of him being asthmatic. Counsel confirmed with Dr. Nkanga's girlfriend, a nurse, that he does in fact suffer from asthma.

16. While he was incarcerated, Dr. Nkanga complained to counsel that his cellmate was quite sick and was exhibiting signs of a respiratory illness and Dr. Nkanga was continuously exposed to him.

17. On January 21, 2020, the defendant advised counsel that he was feeling better, but still not 100 %.

18. Counsel met with the defendant at the MDC on January 28 and February 7, 2020. On both occasions, he said he was feeling better.

19. On March 12, 2020, counsel met with the defendant prior to the sentencing proceeding and he said he was feeling okay.

20. As of March 12, 2020, counsel was not aware that any inmate in the MDC had tested positive to COVID-19 or had been exposed.

21. Given the significant change in circumstances that have occurred in the past two weeks – about which the Court was unaware of and could not be aware of on March 12, 2020 – and based on the rapid deterioration of conditions inside the MDC, as well as based upon new information about what type of individuals are particularly prone to

getting COVID-19, it is readily apparent that Dr. Nkanga is particularly vulnerable.

22. Accordingly, we submit that this life-threatening virus and its life-threatening effect on this defendant who is incarcerated in the MDC, constitutes information which the Court would have considered on March 12, 2020; but could not and thus, the sentence that was imposed was based on clear error.

Dated:     New York, New York
           March 26, 2020

                                          Respectfully Submitted,

                            By:   /s/ Daniel S. Parker
                                 Daniel S. Parker
                                 Joshua Horowitz
                                 *Attorneys for Nkanga Nkanga*