```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
                                                    :
            -v-                                     :   18-CR-713 (JMF)
                                                    :
NKANGA NKANGA,                                      :   MEMORANDUM OPINION
                                                    :   AND ORDER
                      Defendant.                    :
                                                    :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, District Judge:

Early this morning, the Defendant, Dr. Nkanga Nkanga, filed a letter motion seeking reconsideration of this Court's decision filed yesterday denying his motion for immediate release from the Metropolitan Detention Center in Brooklyn, New York (the "MDC"). *See* ECF Nos. 87 and 88 ("Motion"). Apologizing for not doing so sooner, Dr. Nkanga asks the Court to treat his motion for bail "as invoking the writ of habeas corpus codified at 28 U.S.C. § 2241" and, on that basis, to grant him immediate release from the MDC. Motion at 2 (emphasis omitted).

The Court appreciates Dr. Nkanga's effort, however belated, to identify a means by which the Court could grant the relief that it believes is appropriate in light of the unprecedented threat posed by COVID-19. But putting aside the strict standards for a motion for reconsideration, and assuming for the sake of argument that Dr. Nkanga does not need to exhaust his administrative remedies, as he argues, *see* Motion at 6-9, the Court cannot grant the motion because any petition under Section 2241 would have to be brought in the Eastern District of New York, where Dr. Nkanga is detained, *see, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should . . . file the petition in the district of confinement."); *accord*

*Goodall v. Von Blanckensee*, No. 17-CV-3615 (KMK) (JCM), 2019 WL 8165002, at *4 (S.D.N.Y. July 19, 2019); *Corley v. Nathan*, No. 20-CV-1283 (CM), 2020 WL 1434707, at *2 n.2 (S.D.N.Y. Mar. 20, 2020).[1]  As it happens, there is already a case seeking release pursuant to Section 2241 of high-risk inmates at the MDC — a category that includes Dr. Nkanga — pending in the Eastern District of New York.  *See Chunn et al. v. Edge*, 20-CV-1590 (RPK) (filed Mar. 27, 2020).

Accordingly, Dr. Nkanga's motion is denied, without prejudice to filing a petition pursuant to Section 2241 in the Eastern District of New York.

The Clerk of Court is directed to terminate ECF No. 88.

SO ORDERED.

Dated: April 1, 2020
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1]    The Section 2241 venue rule appears to be waivable.  *See, e.g.*, *Skaftouros v. United States*, 667 F.3d 144, 146 n.1 (2d Cir. 2011).  Earlier today, the Court issued an order inviting the Government to waive the rule and allow the Court to entertain Dr. Nkanga's motion.  *See* ECF No. 89.  The Government declined the invitation.  *See* ECF No. 90.