LAW OFFICE OF
# BENJAMIN SILVERMAN
224 WEST 30TH ST., SUITE 302
NEW YORK, NY 10001

TEL (212) 203-8074
FAX (646) 843-3938
Benjamin@bsilvermanlaw.com

April 7, 2020

*Counsel need not - and should not - hand deliver a copy of the Section 2255 petition to the Courthouse. The Clerk of Court is directed to immediately open the new civil case - using the documents attached to this letter. The Government shall file any opposition to the petition and associated bail application by Thursday, April 9, 2020, at noon. Dr. Nkanga shall file any reply by Friday, April 10, 2020, at 10 a.m.*

**By Email**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

SO ORDERED.

*[signature]*

April 7, 2020

Re: *United States v. Nkanga*, 18 Cr. 713 (JMF)

Your Honor:

    I write concerning Defendant Nkanga Nkanga's 2255 motion, which I have emailed to Your Honor's Chambers. The ECF system prohibits filing of a 2255 motion on a criminal docket without a civil case number. A standing order of the Southern District of New York (15-mc-131) requires that civil 2255 actions/motions be commenced by paper filing. Given the present pandemic, I respectfully request that the Court accept email filing of Dr. Nkanga's 2255 motion and accompanying bail application. I will be in the contact first thing tomorrow with the Clerk's office to ascertain the best way formally to commence a 2255 action under the present circumstances. I will seek to have the action formally commenced and a docket sheet created as quickly as possible. I make this request so that the Court may consider Dr. Nkanga's 2255 bail application while I confer with the clerk's office about this technical docketing matter.

    Thank you for your consideration.

Respectfully submitted,

/s/ Benjamin Silverman
Daniel Parker
Joshua Horowitz
Benjamin Silverman
*Attorneys for Nkanga Nkanga*

LAW OFFICE OF
# BENJAMIN SILVERMAN
224 WEST 30TH ST., SUITE 302
NEW YORK, NY 10001

TEL (212) 203-8074
FAX (646) 843-3938
Benjamin@bsilvermanlaw.com

April 7, 2020

**By ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *United States v. Nkanga*, 18 Cr. 713 (JMF)

Your Honor:

Movant respectfully submits this motion pursuant to 28 U.S.C. § 2255 (1) pleading the grounds for requested relief; (2) requesting immediate bail pending resolution of this motion; and (3) seeking a control date in 90 days at which time the government can either move to dismiss or the parties can jointly request a conference to seek court-approval of a discovery schedule.

## 2255 MOTION

### Procedural Background

**1. Conviction:** The judgment of conviction and sentences that are the subject of this challenge were entered in the United States District Court for the Southern District of New York. The case was docketed as *United States v. Nkanga Nkanga*, 18 Cr. 713 (JMF).

**2. Date of Judgment and Sentencing:** Movant was sentenced on March 12, 2020, and judgment was entered that day.

**3. Sentence:** Movant was sentenced to 36 months in prison and three years of supervised release.

**4. Counts of Conviction:** Movant was convicted of one count of conspiracy to distribute narcotics and four counts of narcotics distribution in violation of 21 U.S.C. §§ 841 and

Hon. Jesse M. Furman
United States District Judge
*United States v. Nkanga*
April 7, 2020
Page 2

846.

5. **Plea:** Movant pled guilty to the five-count Indictment on October 23, 2020. Movant did not plead pursuant to a plea agreement; the government provided a *Pimentel* letter.

6. **Trial:** There was no trial of this case.

7. **Testimony:** Movant never testified at a pretrial hearing or trial.

8. **Appeal:** Movant has not filed a notice of appeal.

9. **Other Petitions:** Movant has filed no petitions or applications outside of litigation directly associated with this criminal case.

### GROUNDS FOR RELIEF

Movant pleads the following grounds why his conviction and sentence violate the Constitution and laws of the United States:

I.  **Movant's Sentence Violates the Eighth Amendment**.

Movant's sentence violates the Eighth Amendment because it is cruel and unusual and was cruel and unusual on the date on which it was imposed. Determination of what constitutes a grossly disproportionate, or "cruel and unusual," sentence looks not only to "historical conceptions" of impermissible sanctions, *Graham v. Florida*, 560 U.S. 48, 58 (2010), but also to "the evolving standards of decency that mark the progress of a maturing society." *Kennedy v. Louisiana*, 554 U.S. 407, 419 (2008).

As the Second Circuit thoroughly sets forth in *United States v. Reingold*, 731 F.3d 204, 211-12 (2d Cir. 2013), "the Supreme Court's proportionality jurisprudence fall[s] into two classifications." "The first involves challenges to the length of term-of-years sentences given all the circumstances in a *particular case*" by "comparing the gravity of the offense and the severity of the sentence." *Id.* (emphasis in original and quotation marks omitted). The second step of the analysis requires a court to "compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* Only "[i]f this comparative analysis 'validate[s] an initial judgment that [the] sentence is grossly disproportionate'" will the sentence be deemed "cruel and unusual." *Id.* (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring) (alterations in original)).

Hon. Jesse M. Furman
United States District Judge
*United States v. Nkanga*
April 7, 2020
Page 3

The Supreme Court appears only once to have found a term of years sentence cruel and unusual: a life sentence imposed on a defendant with a prior record of six non-violent felony convictions for passing a bad check in the amount of $100. *Solem v. Helm*, 463 U.S. 277, 279, 281-82 (1983). The crime was "one of the most passive felonies a person could commit," involving "neither violence nor threat of violence to any person," *id.* at 296, (internal quotation marks omitted), while the punishment was "the most severe" non-capital sentence "that the State could have imposed on any criminal for any crime," *id.* at 297. In subsequent years, the Supreme Court, in *Harmelin*, upheld a statutorily mandated term of life imprisonment without parole in the Michigan case of a recidivist defendant convicted of possessing 672 grams of cocaine. *See* 501 U.S. at 1009 (Kennedy, J., concurring). And in *Ewing v. California*, 538 U.S. 11 (2003), the Supreme Court rejected a proportionality challenge to a prison sentence of 25 years to life imposed pursuant to California's Three Strikes Law on a recidivist felon convicted of stealing $1,200 worth of golf clubs, *see id.* at 16–18 (plurality).

"As these cases make plain, at the same time that the Eighth Amendment prohibits grossly disproportionate sentences, it is rare that a sentence falling within a legislatively prescribed term of years will be deemed grossly disproportionate." *Reingold*, 731 F.3d at 211-12.

Here, Dr. Nkanga, who had never been previously arrested, pled guilty to writing medically unnecessary prescriptions for oxycodone, buprenorphine and alprazolam over five years outside the scope of his professional medical practice. Despite treating hundreds of patients over the years with compassion, kindness and care, at some point, given the objective standard that governs whether a doctor acted outside the scope of professional practice, he crossed the line from gross incompetence to criminality and wrongfully prescribed opioids and other drugs to a handful of patients who the Government determined were filling those prescriptions and selling them illegally.

Sentencing Dr. Nkanga to a de facto life sentence – and a sentence that results in an abbreviated life for this conduct is grossly disproportionate. Although the Judgment in this case only sentences Dr. Nkanga to 36 months, there is a substantial risk he may not even make it out of the MDC to a designated facility. COVID-19 appears be spreading in a filthy facility that is like a cruise ship without soap. BOP is apparently not testing,[1] and no one knows how extensive the outbreak is. Dr. Nkanga has previously suffered a severe stroke and has respiratory ailments that required him to rely on a portable inhaler to breathe prior to his incarceration, prior to the pandemic, and prior to virus making its way into the MDC.

These conditions were known on the date of sentencing. *See* notes 3-7 *infra*.

A sentencing with a significant risk of being a life sentence for a first-time non-violent offender is grossly disproportionate, and therefore cruel and unusual within the meaning of the Eighth Amendment. It must be vacated and set aside.

---

[1] Noah Goldberg, "Feds Refused To Test Inmates for Coronavirus at Manhattan Jail Despite Symptoms, Ex-Con Tells Daily News," N.Y. Daily News (Apr. 6, 2020).

Hon. Jesse M. Furman
United States District Judge
*United States v. Nkanga*
April 7, 2020
Page 4

WHEREFORE Dr. Nkanga seeks immediate vacatur of his sentence and resentencing at a date convenient for the Court.

### II. An Additional Error Renders the Sentence Invalid and Subject to Collateral Attack

The sentence is further invalid as subsequently construed by the district court in its Opinion and Order of March 31, 2020 (Dkt. No. 87) interpreting the meaning of the phrase "execution of sentence" in the context of the Bail Reform Act to conclude that bail is unavailable shortly after imposition of sentence before Movant was designated.

A defendant has a due process right to question the procedure leading to the imposition of his sentence. *United States v. Pugliese*, 805 F.2d 1117, 1122 (2d Cir 1986).

That right is violated where a defendant is "sentenced on the basis of 'materially untrue' statements, or on 'misinformation or misreading of court records.'" *United States v. Prescott*, 920 F.2d 139, 143 (2d Cir. 1990). A district court's "material misapprehension" of fact can violate due process. *United States v. McDavid*, 41 F.3d 841, 843-44 (2d Cir. 1994) (sentence vacated because Court mistakenly believed defendant was on probation at the time he committed the offense).

Here, as demonstrated in Dr. Nkanga's Motion for Reconsideration (Dkt. No. 101) of the Court's Opinion and Order, the Court retained its authority to grant bail under Section 3143(a). At the time, the Court was operating under a mistaken belief that it could not act, when in fact, it could. That mistaken fact – namely that Dr. Nkanga's sentence had been executed – resulted in his continued present detention.

WHEREFORE, Dr. Nkanga seeks immediate release on bail and a voluntary surrender date.

### III. Movant's Sixth Amendment rights were violated by failure to hold a *Curcio* hearing.[2]

Movant's Sixth Amendment right to conflict-free assistance of counsel was violated. A criminal defendant is entitled to conflict-free assistance. *Armienti v. United States*, 234 F.3d 820,

---

[2] Movant continues to be represented by trial counsel and there is no conflict of interest. "Merely complaining about one's counsel does not create a conflict." *United States v. Green*, 2013 WL 6230091, at *1 (D. Conn. Dec. 2, 2013). Movant's subsequently-added counsel is able to advise him on his ineffective assistance claims and pursue those claims.

Hon. Jesse M. Furman
United States District Judge
*United States v. Nkanga*
April 7, 2020
Page 5

823 (2d Cir. 2000).

Midway through the March 12, 2020 sentencing proceeding, Movant's daughter emailed the Court that Movant is innocent and unhappy with counsel. Although the Court allocuted Movant on this topic, *see* Sentencing Transcript (Dkt. No. 77-1) at 24-26, no *Curcio* counsel was asked to confer with Movant. Movant's trial counsel had a clear conflict of interest as he did not want the Court to think he had pressured an innocent man to plead guilty. Movant should have had *Curcio* counsel to advise him during the sentencing hearing, be he allocuted that he wished to proceed with conflicted counsel before the sentencing proceeding continued.

But for his then-conflicted counsel, Movant would not have been sentenced on March 12, 2020; would have had his plea revoked; and/or would be presently released on bail.

WHEREFORE Dr. Nkanga seeks immediate vacatur of his sentence and resentencing at a date convenient for the Court.

### IV.     Movant's Counsel Was Ineffective

Movant's counsel was ineffective for failing to seek bail for "exceptional circumstances" at the time of Dr. Nkanga's plea in October 13, 2020; in the days leading up to his sentencing; and for failing to request a voluntary surrender date at the March 12, 2020 sentencing. By the time of Movant's sentencing on March 12, 2020, the world had already become aware of the dangers of COVID-19 to both incarcerated individuals and people with Dr. Nkanga's health conditions.

Under the familiar *Strickland* standard, a movant seeking to establish ineffective assistance of counsel must demonstrate "not only that his counsel' s representation was fundamentally defective, but also that, but for the counsel's errors, there is a reasonable probability that the result of the proceeding would have been different." *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Counsel's performance in early March of this year fell below objectively reasonable standards because counsel did not move for bail in early March and did not request a delayed surrender date. One week before the sentencing, the defense community was telling the media about concerns for individuals in jail.[3] By the time of Movant's March 12, 2020, the World Health Organization had already declared a pandemic[4] and Governor Cuomo had already

---

[3] Claudia Lauer and Colleen Long, *US Prisons, Jails On Alert for Spread of Coronavirus*, The Associated Press (Mar. 7, 2020) *at* https://apnews.com/af98b0a38aaabedbcb059092db356697.

[4] *WHO Characterizes COVID-19 as a Pandemic*, World Health Organization (March 11, 2020) *at* https://bit.ly/2W8dwpS.

Hon. Jesse M. Furman
United States District Judge
*United States v. Nkanga*
April 7, 2020
Page 6

declared a state of emergency.[5] On the day of the sentencing, the mayor declared a public health emergency[6] and the Center for Disease Control issued a warning of the threat to people.[7]

Under these circumstances, it was deficient for counsel to have failed to seek bail for Movant in early March of this year, when the Court unquestionably had authority to grant release. Counsel was further deficient for failing to have requested 100 days for Dr. Nkanga to self-surrender. Dr. Nkanga had been in perfect compliance with the terms of his bail until he pled guilty and self-surrendered to face steep sentencing Guidelines in October of last year. He proved through his conduct that he is not a risk of flight. Moreover, the COVID crisis – even based on what was known in the days leading up to sentencing – provided "exceptional reasons" for bail to be granted pursuant to 18 U.S.C. 3145(c). The government concedes that, at least at present, the circumstances are "exceptional" because of COVID. *See* Opinion, *U.S. v. Nkanga*, 18 Cr. 713 (JMF), Dkt. No. 87 at 7 n.2. These circumstances were already discernible at the time of sentencing – and in the week leading up to the sentencing. Effective counsel would have taken appropriate action in seeking Dr. Nkanga's release at that time.

But for counsel's deficient performance, the Court would have bailed Dr. Nkanga and provided a deferred the date for self-surrender.

## **REQUEST FOR RELIEF**

WHEREFORE Movant asks this Court for the following relief:

1. Issue a writ of habeas corpus that Movant be brought before the court to be discharged of his unconstitutional and illegal confinement and relieved of his unconstitutional and illegal conviction and/or de facto sentence of life in prison.

2. Alternatively, Movant requests that the Court:

    a. Grant immediate bail so he may stay alive pending resolution of this motion; and

    b. Set a control date in 90 days at which time the government can elect either to move to dismiss or answer the motion and the parties, if necessary, can apply to the Court for a discovery schedule.

---

[5] *At Novel Coronavirus Briefing, Governor Cuomo Declares State of Emergency to Contain Spread of Virus*, New York State (March 11, 2020) *at* https://on.ny.gov/2TKzIoz.

[6] *DeBlasio Declares State of Emergency in NYC, and Large Gatherings Are Banned*, New York Times (March 12, 2020)

[7] *People at Risk for Serious Illness from COVID-19*, CDC (March 12, 2020) *available at* https://bit.ly/2vgUt1P.

## BAIL SHOULD BE GRANTED

The Second Circuit has "acknowledged the authority of the federal courts to grant bail to habeas petitioners." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001).

"The standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990); *see also Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981). This standard is higher even than that created by 18 U.S.C. § 3143(b), which governs bail pending appeal and requires detention absent a finding, among other things, that the appeal is "likely to result in" reversal, an order for a new trial, or a new sentence that is less than the time already served.

Movant meets this exacting standard because of the strength of his pleaded 2255 grounds and the likelihood that he will be irreparably harmed – by dying – if temporary relief is not granted. Movant's claim is substantial. The very real possibility that he faces a life sentences invokes a non-frivolous application of the Eighth Amendment.

Discovery will be necessary to establish the Eighth Amendment and ineffective assistance claims. Given the number of bail applications granted in March of this year, the claim that Movant's counsel should have sought voluntary surrender has a substantial likelihood of success. At a time when the defense bar was beginning to prepare an enormous number of bail applications, Movant's counsel did not seek temporary release or a delayed surrender date. This performance was below an objectively reasonable standard and, but for the deficient conduct, Movant would have been able to demonstrate exceptional circumstances warranting temporary release on bail and a delayed surrender date. Movant's claim that he lacked unconflicted counsel before he allocuted to his desire to proceed to sentencing on March 12, 2020 (Tr. at 24-26) is also likely to prevail and result in relief for Movant.

This application presents "extraordinary circumstances." We are experiencing a once-in-a-century event. Movant has serious health issues including significant respiratory ailments. The government acknowledges that the "exceptional circumstances" exist were this case governed by the Bail Reform Act. If Movant prevails on this 2255 motion without receiving bail, he could die and find the application mooted before relief is granted. If these are not "extraordinary circumstances" then counsel respectfully does not know what are.

Bail is necessary to keep Movant alive to preserve the effectiveness of a future habeas remedy.

Hon. Jesse M. Furman
United States District Judge
*United States v. Nkanga*
April 7, 2020
Page 8

    Thank you for your consideration of this request.

                                                     Respectfully submitted,

                                                         /s/
                                                  Daniel Parker
                                                  Joshua Horowitz
                                                  Benjamin Silverman
                                                  *Attorneys for Nkanga Nkanga*