```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
    UNITED STATES OF AMERICA        :      AFFIDAVIT OF CARYN FLOWERS

              - v. -                :      18 Cr. 713 (JMF)

    NKANGA NKANGA,                  :

              Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

Caryn Flowers, under penalties of perjury pursuant to 28 U.S.C. § 1746, declares as follows:

1. I currently hold the position of Associate Warden for Programs at the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"). I supervise the Reduction in Sentence ("RIS") Coordinator at MDC Brooklyn. In my official capacity, I have access to many records maintained in the ordinary course of business at MDC Brooklyn, including records maintained in the Bureau of Prisons ("BOP") computerized database.

2. I understand Nkanga Nkanga, Federal Register Number 86195-054 (hereinafter "Petitioner"), is seeking to be granted a furlough.

3. I further understand the Court is directing the BOP to provide a firm date by which the BOP will reach a decision on Petitioner's pending application.

4. Section 3622 of Title 18 of the United States Code provides that BOP can furlough an inmate if the furlough "appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2), if such release otherwise appears to be consistent with

the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him."

5. Under this statute, an inmate may be furloughed for up to 30 days to visit a dying relative, attend a relative's funeral, obtain medical treatment not otherwise available, contact a prospective employer, establish or reestablish family or community ties, or engage in any other significant activity consistent with the public interest.

6. The BOP's policy sets forth how inmate furloughs are processed in BOP Program Statement 5280.09, Inmate Furloughs; 28 C.F.R. § 570.30 et seq. Under this policy, the Warden or designee may authorize a furlough, for 30 calendar days or less, for an inmate to:

(a) Transfer directly to another Bureau institution, a non-federal facility, or community confinement;

(b) Be present during a crisis in the immediate family, or in other urgent situations;

(c) Participate in the development of release plans;

(d) Establish or reestablish family and community ties;

(e) Participate in selected educational, social, civic, and religious activities which will facilitate release transition;

(f) Appear in court in connection with a civil action;

(g) Comply with an official request to appear before a grand jury, or to comply with a request from a legislative body, or regulatory or licensing agency;

(h) Appear in or prepare for a criminal court proceeding, but only when the use of a furlough is requested or recommended by the applicable court or prosecuting attorney;

(i) Participate in special training courses or in institution work assignments, including

Federal Prison Industries (FPI) work assignments, when daily commuting from the institution is not feasible; or return to the institution daily.

(j) Receive necessary medical, surgical, psychiatric, or dental treatment not otherwise available.

See 28 C.F.R. § 570.33.

7. Sentenced federal inmates housed in BOP facilities may be eligible for furloughs. 28 C.F.R. §570.31. An inmate must be physically and mentally capable of completing the furlough; and demonstrate sufficient responsibility to provide reasonable assurance that the furlough requirements will be met.

8. Inmates who are transferring to minimum security facilities, such as prison camps, must be transferring from a low or minimum security facility and appropriate for placement in a minimum security facility at the time of the transfer. Inmates transferring from an administrative level facility, like MDC Brooklyn, are not eligible to be granted a furlough to transfer to a minimum facility. See 28 C.F.R. § 570.35.

9. If a request is denied, pursuant to 28 C.F.R. §571.63, the inmate will receive written notice and a statement of reasons for the denial. The inmate may appeal the denial through the Administrative Remedy Procedure (28 CFR part 542, subpart B).

10. Due to the nature of the review and the volume of incoming requests, the BOP cannot set forth a firm date by which the BOP will reach a decision on Petitioner's pending application.

_____  
C. Flowers

_____4.7.2020_____  
Date