

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 7, 2020

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *United States v. Nkanga Nkanga*, 18 Cr. 713 (JMF)

Dear Judge Furman:

  The Government writes regarding the defendant's recently submitted motion to be released on bail pending resolution of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Under the unique and extraordinary circumstances of this particular case, the Government consents to the defendant's release on bail, subject to conditions proposed below, in connection with the fourth ground for relief asserted in the petition.

  The Court has legal authority to order a defendant released on bail pending resolution of a petition for a writ of habeas corpus in exceptional circumstances. *See, e.g.*, *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001). "[T]his power is a limited one, to be exercised in special cases only." *Id.* at 226. "The petitioner must demonstrate that [1] the habeas petition raises substantial claims and [2] that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." *Id.* (internal quotation marks and alterations omitted); *accord, e.g.*, *Coronel v. Decker*, – F. Supp. 3d –, No. 20 Civ. 2472 (AJN), 2020 WL 1487274, at *8-9 (S.D.N.Y. Mar. 27, 2020) (Nathan, J.).

  In this case, the defendant's habeas petition raises four claims. The Government respectfully submits that the first three claims are entirely meritless and, therefore, do not come close to constituting "substantial claims" for purposes of bail.[1]  With respect to the fourth claim,

---

[1] *First*, there is no basis in law or in fact to suggest that the 36-month sentence this Court imposed on the defendant—a substantial downward variance from the applicable Sentencing Guidelines range of 108 to 135 months—was somehow "cruel and unusual" for purposes of Eighth Amendment analysis. *Second*, it defies logic to claim that an alleged error in this Court's ruling on a later-filed motion for bail pending execution of sentence could somehow cause the earlier-imposed sentence to have been imposed in violation of law ex post facto. And, in any event, for all the reasons outlined in the Government's prior submissions on this topic, the Court's decision on bail pending execution of sentence was entirely correct. *Third*, the petition articulates no basis

the defendant asserts that counsel was ineffective leading up to and at sentencing for failing to request bail pending sentencing and a voluntary surrender date that would have enabled the defendant to remain out of custody during the current pandemic.  The Government reserves the right to take any position on the viability of this claim at the appropriate time after an opportunity to more fully assess it, including but not limited to the merits of the claim and whether the asserted claim is cognizable under Section 2255 at all.  However, the Government recognizes that in light of the very particular confluence of factors unique to this case, there appear to be extraordinary circumstances making bail necessary to make any potential habeas remedy effective.  Those unique circumstances include the defendant's age; his multiple health issues; the nature of the defendant's offense; the precise timing of the sentencing proceeding (which occurred on March 12, 2020) in relation to the emerging COVID-19 pandemic; and the conclusions already reached by the Court in previous aspects of this litigation regarding the defendant's health issues, and apparent lack of dangerousness or risk of flight.  In addition, in light of the defendant's apparent claim that, but for counsel's allegedly ineffective assistance, the judgment would have included a surrender date permitting the defendant to be released on bail pending the COVID-19 crisis, bail pending resolution of that claim may be necessary to effectuate the relief sought.

Accordingly, in light of the unique confluence of circumstances in this case, and without prejudice to the Government's ability to litigate the cognizability and merits of the asserted claims at the appropriate time, the Government does not object to this Court exercising its discretion to order the defendant released on bail based on the fourth claim for relief asserted in the petition, pending adjudication of the petition.  The Government's position that it consents to bail pending resolution of the defendant's habeas petition is expressly predicated upon, and limited to, the unique circumstances present in this particular case, and the Government respectfully submits that any decision granting the defendant's release should not be construed as applicable to any other specific case.

The Government requests that, if the Court orders the defendant's release, it impose the following conditions of release:

- A $500,000 personal recognizance bond, to be co-signed by three financially responsible persons as sureties;[2]
- Home incarceration—*i.e.*, 24-hour lockdown in the defendant's residence except for medical emergencies—enforced by electronic monitoring of a technology chosen at the discretion of the Pretrial Services Office;
- No visitors to the residence except family members;

---

to conclude that any deficiency existed in this Court's treatment at sentencing of the letter submitted by the defendant's daughter.  The defendant clearly disavowed sharing the views contained in that letter and declined the opportunity to adjourn the sentencing to permit any further legal consultation.  Thus, no conflict or potential conflict existed, and independent counsel was not required.  The Government anticipates fully briefing the merits of these claims at a later date.

[2] The defendant's pre-trial release was conditioned on a bond in this amount with three financially responsible sureties.

- Surrender passport and all travel documents and make no new applications;
- Supervision by the Pretrial Services Office as directed; and
- Pursuant to the Court's new release procedures, the defendant is to be released directly from the Metropolitan Detention Center to his residence for quarantine purposes. The Clerk's Office shall prepare the bond for the defendant and co-signers to sign (or adopt verbally per the procedures) as soon as is practicable. Within ten days after his release, the defendant shall contact the Pretrial Services Office to arrange for an appointment no sooner than 14 days from release (for quarantine purposes) to install the necessary electronic monitoring equipment, though he will be on home confinement starting immediately notwithstanding the lack of electronic enforcement.

Finally, in the unique circumstances presented here, the Government does not object to the defendant's request that this Court set a status conference in 90 days for the parties to discuss how to proceed, including a potential schedule for briefing the viability of the claims asserted. The Government respectfully requests that this Court adjourn the Government's deadline to otherwise respond to the petition in the interim.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: ___/s/_____
Jacob R. Fiddelman
Cecilia E. Vogel
Assistant United States Attorneys
(212) 637-1024 / 1084

cc: Daniel S. Parker, Esq. (by ECF)
Joshua Horowitz, Esq. (by ECF)
Benjamin Silverman, Esq. (by ECF)