UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
  :
UNITED STATES OF AMERICA   :
  :
    -v-   :    18-CR-713 (JMF)
  :    20-CV-2871 (JMF)
NKANGA NKANGA,   :
  :    <u>ORDER</u>
                   Defendant.   :
  :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      After more than a week of opposing one motion after another filed by the Defendant, Dr. Nkanga Nkanga, for temporary release in connection with the COVID-19 pandemic, the Government filed a letter earlier this evening consenting to Dr. Nkanga's latest bail application, this time in connection with a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 that he filed this morning. *See* ECF Nos. 115, 118. Dr. Nkanga's motion for bail pending adjudication of his Section 2255 motion is therefore GRANTED on consent.

      In particular, consistent with the Government's concessions, the Court finds that the motion raises at least one substantial claim — namely, that counsel was ineffective leading up to and at sentencing for failing to request bail pending sentencing and a voluntary surrender date that would have enabled Dr. Nkanga to remain out of custody during the pandemic — and that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) (internal quotation marks and alterations omitted); *accord Coronel v. Decker*, — F. Supp. 3d —, No. 20-CV-2472 (AJN), 2020 WL 1487274, at *8-9 (S.D.N.Y. Mar. 27, 2020) (Nathan, J.). As the Government acknowledges, the extraordinary circumstances that make this case an appropriate one for bail "include the defendant's age; his multiple health issues; the nature of the defendant's

offense; the precise timing of the sentencing proceeding (which occurred on March 12, 2020) in relation to the emerging COVID-19 pandemic; and the conclusions already reached by the Court in previous aspects of this litigation regarding the defendant's health issues, and apparent lack of dangerousness or risk of flight. In addition, in light of the defendant's apparent claim that, but for counsel's allegedly ineffective assistance, the judgment would have included a surrender date permitting the defendant to be released on bail pending the COVID-19 crisis, bail pending resolution of that claim may be necessary to effectuate the relief sought." ECF No. 118, at 2.

The Court imposes the following bail conditions:

- $500,000 personal recognizance bond signed by Dr. Nkanga, who may affix his signature remotely within six hours of his release, and co-signed by three financially responsible persons, who may sign the bond remotely within one business day of Dr. Nkanga's release;

- Home incarceration at Dr. Nkanga's residence, subject to approval by Pre-Trial Services, and enforced by location monitoring technology to be determined by Pre-Trial Services. Dr. Nkanga may leave his residence only for emergency medical services. All other leave from the residence must be submitted through defense counsel for the Court's approval;

- No visitors to Dr. Nkanga's residence except for family members;

- Unless otherwise approved by the Court, the location monitoring equipment shall be installed no later than fourteen days after release during which time Dr. Nkanga shall self-quarantine in his residence;

- Ten days after his release, Dr. Nkanga shall call Pre-Trial Services to arrange for location monitoring equipment;

- If approved by Pre-Trial Services, Dr. Nkanga is permitted to self-install the location monitoring equipment selected by Pre-Trial Services under the direction and instruction of Pre-Trial Services;

- Dr. Nkanga must purchase or obtain an iPhone with FaceTime capabilities within two weeks of his release for remote/virtual monitoring by Pre-Trial Services;

- Dr. Nkanga shall comply with all other standard conditions of supervised release (e.g., shall not commit other crimes, possess a firearm, etc.);

- Dr. Nkanga shall surrender any personal travel documents not already in the

   possession of Pre-Trial Services and make no new applications for travel documents;

- Pre-Trial Services supervision as directed in the Southern and Eastern Districts of New York; and

- Dr. Nkanga must immediately disclose to Pre-Trial Services when any cohabitant of his residence, including himself, becomes symptomatic of any illness, and must report at the direction of Pre-Trial Services.

Dr. Nkanga shall be released immediately. The Government shall make arrangements for Dr. Nkanga and the financially responsible persons to sign the bond. Defense counsel shall make arrangements, with the Government's cooperation, to transport Dr. Nkanga to his residence.

Unless and until the Court orders otherwise, the parties shall appear for a status conference to address Dr. Nkanga's bail status and next steps in this litigation on **July 13, 2020**, at **3:30 p.m.** in **Courtroom 1105** at the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY 10007.

The Clerk of Court is directed to terminate ECF No. 94 as moot.

SO ORDERED.

Dated: April 7, 2020
   New York, New York

_____
JESSE M. FURMAN
United States District Judge